UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD KINDRED,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>DEPT. OF MENTAL HEALTH, et al.,<br><br>　　　　Defendants | Case No. 1:11 cv 00421 GSA PC<br><br>ORDER DISMISSING COMPLAINT AND GRANTING PLAINTIFF LEAVE TO FILE AN AMENDED COMPLAINT<br><br>AMENDED COMPLAINT DUE IN THIRTY DAYS |

**I.     Screening Requirement**

Plaintiff is a civil detainee proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff has consented to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c).[1]

The Court is required to screen complaints brought by detainees seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or

---

[1] Plaintiff filed a consent to proceed before a magistrate judge on March 21, 2011 (ECF No. 5).

1

appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

## II.     Plaintiff's Claims

Plaintiff, a resident at Coalinga State Hospital, brings this civil rights action against the California Department of Mental Health, the California Office of Patients' Rights, the California Department of Corrections and Rehabilitation and 23 individual defendants.   Plaintiff alleges generally that he has been denied adequate medical care.

### A.     Medical Care

As a civil detainee, Plaintiff's right to medical care is protected by the substantive component of the Due Process Clause of the Fourteenth Amendment. Youngberg v. Romeo, 457 U.S. 307, 315 (1982). Under this provision of the Constitution, Plaintiff is "entitled to more considerate treatment and conditions of confinement than criminals whose conditions of confinement are designed to punish." Jones v. Blanas, 393 F.3d 918, 931 (9th Cir. 2004)(quoting Youngberg, 457 U.S. at 321-22); cf. Clouthier v. County of Contra Costa, 591 F.3d 1232, 1243-44 (9th Cir. 2010)(pretrial detainees, who are confined to ensure their presence at trial and are afforded only those protections provided by the Eighth Amendment). Thus, to avoid liability,

Defendants' decisions must be supported by "professional judgment." Youngberg, 457 U.S. at 323. A defendant fails to use professional judgment when his or her decision is "such a substantial departure from accepted professional judgment, practice, or standards as to demonstrate that [he or she] did not base [his or her] decision on such a judgment." Youngberg, 457 U.S. at 323.

In determining whether a defendant has met his or her constitutional obligations, decisions made by the appropriate professional are entitled to a presumption of correctness. Youngberg, 457 U.S. at 324. "[T]he Constitution only requires that the courts make certain that professional judgment in fact was exercised. It is not appropriate for the courts to specify which of several professionally acceptable choices should have been made." Id. at 321. Liability will be imposed only when the medical decision "is such a substantial departure from acceptable professional judgment, practice, or standards as to demonstrate that the person responsible actually did not base the decision on such a judgment." Id. at 323; Houghton v. South, 965 F.2d 1532, 1536 (9th Cir. 1992).

Here, the Court finds Plaintiff's allegations to be vague. Plaintiff sets forth generalized allegations regarding his health care, and names 23 individual defendants. To state a claim under section 1983, a plaintiff must allege that (1) the defendant acted under color of state law and (2) the defendant deprived him of rights secured by the Constitution or federal law. Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006). "A person deprives another of a constitutional right, where that person 'does an affirmative act, participates in another's affirmative acts, or omits to perform an act which [that person] is legally required to do that causes the deprivation of which complaint is made.'" Hydrick v. Hunter, 500 F.3d 978, 988 (9th Cir. 2007) (quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)). "[T]he 'requisite causal connection can be established not only by some kind of direct, personal participation in the deprivation, but also by setting in motion a series of acts by others which the actor knows or reasonably should know would cause others to inflict the constitutional injury.'" Id. (quoting Johnson at 743-44). Plaintiff has not specifically charged each defendant with conduct

3

indicating that they engaged in any specific conduct that violated the professional judgment standard, as it is described above.  Plaintiff may not assert conclusory allegations that he was denied adequate medical care.  Plaintiff must allege specific facts as to each defendant that indicates that they failed to provide adequate medical care.  Plaintiff may not hold defendants liable simply by alleging a serious medical condition and then charge defendants with the vague allegation that they neglected his condition.  Plaintiff must allege facts indicating that each defendant acted to deny Plaintiff adequate medical care.  Plaintiff has failed to do so here.  The complaint should therefore be dismissed.  Plaintiff will, however, be granted leave to file an amended complaint.

Plaintiff need not, however, set forth legal arguments in support of his claims.  In order to hold an individual defendant liable, Plaintiff must name the individual defendant, describe where that defendant is employed and in what capacity, and explain how that defendant acted under color of state law.   Plaintiff should state clearly, in his own words, what happened.  Plaintiff must describe what each defendant, *by name*, did to violate the particular right described by Plaintiff.   Plaintiff has failed to do so here.

### B. State Agencies

Plaintiff also names as defendants agencies of the state of California.  The Eleventh Amendment prohibits federal courts from hearing suits brought against an unconsenting state.  Though its language might suggest otherwise, the Eleventh Amendment has long been construed to extend  to suits brought against a state both by its own citizens, as well as by citizens of other states."  Brooks v. Sulphur Springs Valley Elec. Coop., 951 F.2d 1050, 1053 (9th Cir. 1991); see also Seminole Tribe of Florida v. Florida, 517 U.S. 44 (1996); Puerto Rico Aqueduct Sewer Authority v. Metcalf & Eddy, Inc., 506 U.S. 139, 144 (1993); Austin v. State Indus. Ins. Sys., 939 F.2d 676, 677 (9th Cir. 1991).

The Eleventh Amendment bars suits against state agencies as well as those where the state itself is named as a defendant.  See Natural Resources Defense Council v. California Department of Transportation, 96 F.3d 420, 421 (9th Cir. 1996); Brooks, 951 F.2d at 1053;

Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) (concluding that Nevada Department of Prisons was a state agency entitled to Eleventh Amendment immunity); Mitchell v. Los Angeles Community College District, 861 F.2d 198, 201 (9th Cir. 1989).  The agency Defendants should therefore be dismissed.

### III.     Conclusion and Order

The Court has screened Plaintiff's complaint and finds that it does not state any claims Upon which relief may be granted under section 1983.  The Court will provide Plaintiff with the opportunity to file an amended complaint curing the deficiencies identified by the Court in this order.  Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).  Plaintiff is cautioned that he may not change the nature of this suit by adding new, unrelated claims in his amended complaint.  George, 507 F.3d at 607 (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights, Hydrick, 500 F.3d at 987-88.  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 554 (2007) (citations omitted).

Finally, Plaintiff is advised that an amended complaint supercedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 15-220.  Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed, with leave to amend, for failure to state a claim;
2. The Clerk's Office shall send to Plaintiff a complaint form;

3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint;

4. Plaintiff may not add any new, unrelated claims to this action via his amended complaint and any attempt to do so will result in an order striking the amended complaint; and

5. If Plaintiff fails to file an amended complaint, the Court will dismiss this action, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated:   **November 6, 2013**

**/s/ Gary S. Austin**

UNITED STATES MAGISTRATE JUDGE